## THOMPSON v. SCHLETZE.

### No. 10398.

Court of Civil Appeals of Texas.
San Antonio.

March 29, 1939.

Andrews, Kelley, Kurth & Campbell, of Houston, and Russell Talbott, F. C. Davis, and Eskridge & Groce, all of San Antonio, for appellant.

Williams & Williams, of San Antonio, for appellee.

SLATTON, Justice.

A. E. Schletze sued Guy A. Thompson, trustee of the International-Great Northern Railroad Company, in the District Court of La Salle County, to recover damages alleged to have been sustained to a carload shipment of onion and cabbage plants which moved over the lines of said railroad from Texas to St. Louis, Missouri. Special issues were submitted to a jury and upon favorable answers Schletze recovered judgment for the sum of $1591.32. Thompson appeals.

Appellant's first proposition complains of the action of the court in submitting to the jury the measure of damages as of March 18, 1935, when the car arrived at destination on the 17th day of said month. According to the evidence the car arrived in St. Louis on Sunday, March 17, 1935. The evidence is sufficient to support a finding that the plants were delivered to the consignee on the 18th day of March. In view of the evidence and the fact that the 17th day of March was a Sunday, we are of the opinion that the trial court correctly submitted inquiries to the jury to ascertain the market price on the 18th of March, being the first market day after arrival and delivery. St. Louis, B. & M. Ry. Co. v. Hicks et al., Tex. Civ.App., 158 S.W. 192.

It is argued that the inquiries should have been limited to the date of the ar-

rival of the car in St. Louis, otherwise the carrier will be held liable for the natural deterioration of the plants which accrued from the time of arrival until the 18th. By question No. 5 the jury found that the damaged condition of the plants existing at St. Louis on March 18, 1935, was not due to natural deterioration of said plants. Therefore, the appellant was not injured by the manner of submission.

The appellant next complains of the charge in the submission of the measure of damages, because it is claimed that such charge improperly placed the burden of proof. The question submitted, like others, is as follows, to-wit: "What do you find from a preponderance of the evidence would have been the market value at St. Louis on March 18, 1935, of the onion plants in question if said onion plants had arrived there in good condition? Answer by stating amount in dollars and cents, if any, or nothing, as you may find."

We are of the opinion that the question as submitted properly placed the burden of proof upon the appellee, and that the explanation quoted did not have the effect of confusing the jury. Whether a charge such as this presents reversible error must be considered in the light of the facts and circumstances attending the particular case. In view of the evidence in the record before us, we are unable to say that the charge was erroneous.

By the last two propositions appellant complains of the admission of evidence over his objection, with reference to the market value of plants in St. Louis on the date of delivery. The witness inspected the plants upon arrival and upon the date of delivery and qualified himself to give his opinion as to the market value of the plants in question and the market value of plants in good condition. It seems the evidence showed without dispute that the cabbage plants were worthless in the condition in which they were received. The witness testified that in his opinion the market price of the onion plants in the condition they were received at St. Louis was from 50 cents to $4 per crate; that the entire amount was sold for $980.55 gross, which was the highest amount obtainable. This evidence was admissible. Missouri, K. & T. Ry. Co. of Texas et al. v. McLean, 55 Tex.Civ.App. 130, 118 S.W. 161, writ refused.

He further testified that the market price of cabbage and onion plants at St. Louis on the 18th of March, in good condition, was $4 per crate. The objection that the price of plants was fifty cents to four dollars per crate is too general is without merit.

The judgment is affirmed.